UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRUSTEES OF THE PAINTERS & ALLIED )
TRADES DISTRICT COUNCIL NO. 35 )
HEALTH AND WELFARE, PENSION AND )
ANNUITY FUNDS )
)
)            MAGISTRATE JUDGE _____
          Plaintiffs, )   Civil Action No. _____
)
v. )
)
BOSTON BUILDERS )            RECEIPT # _____
)            AMOUNT $ _____
          Defendant. )        SUMMONS ISSUED _____
_____)        LOCAL RULE 4.1 _____
                                             WAIVER FORM _____
**COMPLAINT**                                MCF ISSUED _____
                                             BY DPTY CLK _____
                                             DATE _____

1.  This is an action to enforce a labor arbitration award pursuant to §301 of the Labor Management Relations Act (the "Act"), 29 U.S.C. §185 and an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., brought by the Trustees of the Painters & Allied Trades District Council No. 35 Health and Welfare, Pension and Annuity Funds ("Funds" or "Plaintiff Funds") for damages and injunctive relief arising from unpaid and delinquent contributions.

2.  This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337 and pursuant to 29 U.S.C. §1132(e)(1). Venue lies in this district pursuant to 29 U.S.C. §1132(e)(2).

3.  Each of the Plaintiff Funds is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A), and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The Plaintiff Funds

have a principal office at and are administered from 25 Colgate Road, Roslindale, MA.

4. Defendant, Boston Builders, is an employer within the meaning of 29 U.S.C. §152(2) and §185, conducts business in this judicial district and has its principal place of business in Rockland, Massachusetts.

5. Painters & Allied Trades District Council No. 35 ("Painters Union") is a "labor organization" within the meaning of 29 U.S.C. §152(5).

6. At all material times, Defendant was obligated by the terms of the collective bargaining agreement between it and the Painters Union and by the terms of the Agreements and Declarations of Trust for each of the Plaintiff Funds to make contributions and remittance reports on behalf of its employees represented by the Painters Union to the Plaintiff Funds.

7. Plaintiff Union invoked the grievance and arbitration provision of the applicable collective bargaining agreement and submitted to arbitration before the New England Painting, Finishing & Glazing D.C. No. 35 Joint Trade Board ("Joint Trade Board") several disputes with Defendant that had arisen under the collective bargaining agreement.

8. The parties' collective bargaining agreement provides that the Joint Trade Board is authorized to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints" and that the Joint Trade Board's decisions are final and binding as to the parties.

9. Following a hearing in Boston, Massachusetts on December 7, 2004 on the Painters Union's grievances, at which the Defendant appeared after being given proper notice, the Joint Trade Board duly issued Award on December 10, 2004 sustaining the Painters Union's grievances [attached as Exhibit A]. The Joint Trade Board ordered the Defendant to obtain a bond within thirty

(30) days of the date of the Award in an amount not less than $50,000, issued by an A-rated carrier approved by the Commonwealth of MA or increase the Defendant's security deposit from $5,000 to $15,000, based on a schedule approved by the Plaintiff Funds office.

10. To date and without any lawful justification, Defendant has refused to comply with the Joint Trade Board's Award.

11. The Massachusetts Arbitration Act, M.G.L. c. 150 §11 requires that any action to vacate an arbitration award be filed within thirty (30) days of the award.

12. Defendant was served with a copy of the Award on December 11, 2004 and has not filed an action to vacate the arbitration award within thirty (30) days of its receipt.

13. At all material times, Defendant was obligated by the terms the collective bargaining agreement between it and the Painters Union and by the terms of the Agreements and Declarations of Trust for each of the Plaintiff Funds to make contributions and remittance reports on behalf of its employees represented by the Painters Union to the Plaintiff Funds.

14. Defendant has failed to make required contributions in the sum $6,280.17 for the months of December 2004 and January 2005 in violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, Plaintiff Funds respectfully requests that judgment be entered against Defendant:

A. obtain a bond in an amount not less than $50,000, issued by an A-rated carrier approved by the Commonwealth of MA or increase the company's security deposit from $5,000 to $15,000, based on a schedule approved by the Plaintiff Funds office;

B. order Defendant to pay the Joint Trade Board the amount of $6,280.17 with pre-judgment interest from ten days after the receipt of the Award as provided for in the collective bargaining agreement;

C. order the Defendant to pay Plaintiff Fund's costs and attorney's fees for bringing this action; and

D. award such other and further relief as may be just and proper; including, but not limited to, declaring that the Defendant is time-barred from asserting any affirmative defenses because the statutory period of thirty (30) days has elapsed.

          Trustees of the Painters & Allied Trades District
          Council No. 35 Health and Welfare, Pension and
          Annuity Funds
          By their attorney,

          _/s/ Michael A. Feinberg_
          Michael A. Feinberg, BBO #161400
          Feinberg, Campbell & Zack, P.C.
          177 Milk Street
          Boston, MA 02109
          (617) 338-1976

DATED: February 18, 2005

### CERTIFICATE OF SERVICE

I, Michael A. Feinberg, hereby certify that I caused a copy of the foregoing Complaint to be mailed on February 18, 2005 by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

_/s/ Michael A. Feinberg_
Michael A. Feinberg

Chairman - Secretary
Thomas J. Gunning
PFEANE, Inc.
GEANE, Inc.

NEW ENGLAND
PAINTING, FINISHING & GLAZING INDUSTRIES

Treasurer
Ralph Harriman
District Council No. 35

# DC 35 Joint Trade Board

Painters and Allied Trades District Council No. 35
Labor & Management Working Together in MA, ME, NH  VT

CERTIFIED MAIL

**FAC-49**

December 10, 2004

Mr. Edward Kimball
Boston Builders
8 Magnolia Drive
Rockland, MA 02370

Dear Mr. Kimball:

    This matter came before the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board at a hearing on December 7, 2004. You appeared on behalf of the company in your capacity as its owner. Painters & Allied Trades District Council No. 35 Trust Funds submitted the charges to the Board.

    Heather Palmacci, DC 35 Funds office, presented the evidence supporting the charge.

    Ms. Palmacci testified that the charges against the company, involved violations of the Working Agreement, specifically Article IX, Section 3, <u>Failure to Pay</u> and Article IX, Section 1, <u>Probationary Contractor/Employer Obligations.</u>

    Mr. Kimball presented checks postdated December 8, 2004, in the amount of $23,852.56, for the period of September 19, 2004 through November 28, 2004.

    Mr. Kimball advised that he has filed for a fringe benefit bond with his insurance carrier.

    Based upon the evidence, the Board unanimously agreed to accept the payment and grant Mr. Kimball an additional 30 days' to obtain a bond in an amount not less than $50,000, issued by an A-rated carrier approved by the Commonwealth of MA or increase the company's security deposit from $5,000 to $15,000, based on a schedule approved by the Funds office.

    The Board voted unanimously for the findings, conclusions and award set forth herein.

    For your information, a copy of the Appeal Procedure is attached hereto.

Very truly yours,

*Thomas J. Gunning*
Thomas J. Gunning
Chairman-Secretary

Enc.

cc:   Ralph Harriman, Bus. Mgr. DC#35
       Sharon Saganey, Funds Adm. DC#35
       Michael Feinberg, Esq., Feinberg, Campbell & Zack

JS 44
(Rev. 3/99)  Case 1:05-cv-10368-NMG   Document 1-3   Filed 02/22/2005   Page 1 of 1

# CIVIL COVER SHEE

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Trustees of the Painters & Allied Trades District Council No 35 Health and Welfare, Pension and Annuity Funds

**DEFENDANTS**

Boston Builders

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Plymouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael A. Feinberg, Esq.
Feinberg, Campbell & Zack PC
177 Milk Street
Boston, MA 02109    617-338-1976

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  |  |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract |  |  |  | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) |  |
| ☐ 240 Torts to Land |  | ☐ 740 Railway Labor Act |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | HABEAS CORPUS: |  |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 530 General | FEDERAL TAX SUITS |  |
|  |  | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
|  |  | ☐ 540 Mandamus & Other |  |  |
|  |  | ☐ 550 Civil Rights | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
|  |  | ☐ 555 Prison Condition | ☒ 791 Empl. Ret. Inc. Security Act |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Action brought under 29 U.S.C §1001 (ERISA) to require Defendant to secure a fringe benefit bond and pay delinquent contributions

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 56,280.17    CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE 2/18/05    SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Trustees of the Painters & Allied Trades District Council No. 35 Health and Welfare, Pension Annuity Funds v. Boston Builders

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ☐   NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐   NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES ☒   NO ☐

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION ☒   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION ☐   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Michael A. Feinberg, Esq., Feinberg, Campbell & Zack, PC
ADDRESS 177 Milk Street, Boston, MA 02109
TELEPHONE NO. 617-338-1976

(Cover sheet local.wpd - 11/27/00)